# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CATERPILLAR FINANCIAL**                                             **PLAINTIFF**
**SERVICES CORPORATION**

**v.**                                                       **CIVIL NO. 1:19cv295-HSO-JCG**

**HI-LO FARMS, INC., MARTHA**
**COLE, COAST CONSTRUCTION,**
**LLC, and RUSSELL RYALS**                                      **DEFENDANTS**

## ORDER DENYING WITHOUT PREJUDICE CATERPILLAR FINANCIAL SERVICES CORPORATION'S MOTIONS [17, 18, 19] FOR DEFAULT JUDGMENT

BEFORE THE COURT are Plaintiff Caterpillar Financial Services Corporation's Motions for Default Judgment [17, 18, 19] as to Defendants Hi-Lo Farms, Inc., Russell Ryals, and Coast Construction, LLC, respectively, filed on November 25, 2019. After due consideration of Plaintiff's Motions, the record, and the relevant law, the Court is of the opinion that Plaintiff's Motions should be denied without prejudice.

## I. PROCEDURAL HISTORY

Plaintiff filed its Complaint [1] in this case on May 24, 2019. Compl. [1]. Defendant Martha Cole filed a separate Answer [6] to the Complaint on August 30, 2019, and is defending the case. Plaintiff filed the relevant Proofs of Service for the remaining three Defendants between June 17 and September 11, 2019, and each docket entry reflects the date of service and the date each answer was due, as follows:

1. Summons Returned Executed [3] on Russell Ryals, served on June 8, 2019—answer due July 1, 2019;
2. Summons Returned Executed [10] on Hi-Lo Farms, Inc., served September 24, 2019—answer due October 15, 2019;
3. Summons Returned Executed [11] on Coast Construction, LLC, served September 26, 2019—answer due October 17, 2019.

*See* Fed. R. Civ. P. 12(a)(1)(A)(i) (answer due within 21 days).

On October 16, 2019, Plaintiff filed a Motion [12] for Entry of Default as to Defendant Russell Ryals, as he had not filed a responsive pleading. A Clerk's Entry of Default [13] was entered on October 18, 2019. This was followed on November 5, 2019, by Motions [14, 15] for Entry of Default as to Defendants Hi-Lo Farms, Inc. and Coast Construction, LLC, since they had not filed responsive pleadings. A Clerk's Entry of Default [16] was entered on November 6, 2019, as to Defendants Hi-Lo Farms, Inc. and Coast Construction, LLC. Plaintiff then moved on November 25, 2019, for this Court to enter a Default Judgment against these three Defendants. Mots. for Default J. [17, 18, 19]. No response has been filed by the Defendants at issue.

## II. DISCUSSION

Plaintiff's Complaint seeks to impose joint and several liability on Defendants. The Complaint advances claims against Defendant Martha Cole under a Guaranty Agreement with Defendant Hi-Lo Farms, Inc. Compl. [1] at 6; Guaranty Agreement [1-2] at 1. It also seeks to find Defendant Cole individually liable for the debts of Coast Construction, LLC because she and Defendant Ryals allowed it to dissolve and failed to respect corporate formalities. Compl. [1] at 8. Given the nature of the claims asserted and the current procedural posture of the

case, the Court is of the opinion that granting Plaintiff's Motions [17, 18, 19] for Default Judgment as to Defendants Hi-Lo Farms, Inc., Russell Ryals, and Coast Construction, LLC would be premature at this time.

Federal Rule of Civil Procedure 55(b)(2) provides that, if a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Fifth Circuit has acknowledged that Rule 55(b)(2) does not include mandatory language requiring a district court to enter a default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Rather, it has held that "a district court has the discretion to decline to enter a default judgment." *Id.* The Fifth Circuit has also noted that "default judgments are disfavored." *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (internal citations omitted).

This Court has previously acknowledged that entry of a default judgment against certain defaulted defendants would be premature when a plaintiff's claims against other defendants, who were alleged to have acted with the defaulted defendants to cause the same damages, have not been adjudicated. *Allstate Prop. v. Donald*, No. 1:17CV2-HSO-JCG, 2017 WL 5653874, at *2 (S.D. Miss. Mar. 16, 2017) (citing *First National Bank of Louisville*, No. 87-5488, 1992 WL 110539, at *1

(E.D. La. May 6, 1992)); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985) (reversing district court's judgment denying vacation of default judgment in action where plaintiffs sought joint and several liability, and remanding to reduce default judgment to an amount consistent with adjudication of liability and damages against non-defaulting, co-defendant at jury trial).

Therefore, "when default is entered against one defendant in a multi-defendant case, a court may prefer to withhold granting a default judgment until a decision on the merits against the remaining defendants has been entered." *Allstate Prop.*, 2017 WL 5653874, at *2 (citing *MetroPCS v. PC-Wiz Corp.*, No. 3:16-CV-0442-B, 2017 WL 131696, at *6 (N.D. Tex. Jan. 13, 2017) (citation omitted)). "This is especially true where, as here, a default judgment against one of multiple defendants could result in inconsistent or illogical judgments." *Id.*

Judgment by default is not appropriate against Defendants Hi-Lo Farms, Inc., Coast Construction, LLC, and Russell Ryals, at this time because Plaintiff seeks to impose liability on all Defendants for interrelated conduct which caused the same damages. Plaintiff seeks to hold Defendant Cole liable as a guarantor of Defendant Hi-Lo Farms, Inc, Compl. [1] at 6, as well as for her joint management of Defendant Coast Construction, LLC with Defendant Ryals, *id.* at 8. All Defendants are alleged to have caused Plaintiff's injury by defaulting on their obligations to tender payments to Plaintiff for the Equipment. *Id.* at 4-5. Because all Defendants are said to have caused the same injury and acted together, a default judgment against some Defendants at this early stage of the proceeding

could result in inconsistent judgments. The Court is of the opinion that entering a default judgment as to Defendants Hi-Lo Farms, Inc., Russell Ryals, and Coast Construction, LLC at this time would be premature.

Based on the foregoing authorities and the record in this case, the Court is of the opinion that, because Plaintiff seeks to impose liability against all Defendants based on the same injury and similar conduct, Plaintiff's Motions should be denied without prejudice as premature at this time.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motions [17, 18, 19] for Default Judgment as to Defendants Hi-Lo Farms, Inc., Coast Construction, LLC, and Russell Ryals, filed on September 25, 2019, are **DENIED WITHOUT PREJUDICE**, with leave to reassert once the claims against Defendant Martha Cole have been adjudicated.

**SO ORDERED AND ADJUDGED**, this the 6th day of January, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE