# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CATERPILLAR FINANCIAL**
**SERVICES CORPORATION**                                                                 **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:19-cv-295-HSO-JCG**

**HI-LO FARMS, INC., MARTHA COLE,**
**COAST CONSTRUCTION, LLC AND RUSSELL RYALS**            **DEFENDANTS**

### ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [24]

BEFORE THE COURT is Plaintiff Caterpillar Financial Services Corporation's ("Cat Financial") Priority Motion for Entry of a Temporary Restraining Order and/or Preliminary Injunction [24] (the "Motion"). The Court previously granted, by separate order, Cat Financial's request therein that the Motion be given expedited/priority consideration, making any response due no later than April 16, 2020. No Defendant responded by April 16, 2020, or otherwise. Defendant Martha Cole notified the Court via e-mail that she was "not contesting the TRO motion." Further, while not required, Plaintiff filed a proof of service showing it personally served Defendant Russell Ryals with the Motion. While the Motion arguably could be granted as unopposed, the Court finds it also should be granted on its merits, as explained herein.

## I. BACKGROUND

A.   Factual Background

On January 9, 2015, Hi-Lo Farms, Inc. ("Hi-Lo") entered into a contract with Puckett Machinery Company ("Puckett") for the Track Loader, and Cole personally guaranteed the contract. [1-1, 1-2]. The contracts provided a first security interest in the Track Loader. [1-1] at ¶ 7. Thereafter, Puckett assigned its interests to Cat Financial, and Cat Financial perfected those interests with a UCC filing. [1-3, 1-4]. Cat Financial sued Hi-Lo and Cole in a prior case, but that

case was stayed because Hi-Lo filed for bankruptcy protection. *See Caterpillar Fin. Serv. Corp. v. Hi-Lo Farms, Inc.*, Civ. Action No. 1:17-cv-222-HSO-JCG (S.D. Miss. 2017). In bankruptcy court, Hi-Lo sought permission to lease the Track Loader to Coast Construction, LLC ("Coast Construction") (the "Lease").  The bankruptcy court granted Hi-Lo's request; Coast Construction received physical possession and use of the Track Loader in exchange for monthly rent payments of $5,000 directly to Cat Financial.[1]

The undisputed record evidence is that Cat Financial has not received payment on the Tract Loader for well over a year.  Nevertheless, some combination of Ryals personally and Coast Construction have continued to maintain possession of the Track Loader for their benefit.[2] Cat Financial has repeatedly requested the return of the Track Loader.

B.     Procedural History

Cat Financial filed its Complaint [1] on May 24, 2019 against Ms. Cole, Hi-Lo, Coast Construction, and Mr. Ryals, premising jurisdiction on diversity of citizenship. After some initial delay (which Cat Financial attributed to settlement discussions), Cat Financial served all Defendants, but only Ms. Cole answered [6].  The Clerk entered default as to Hi-Lo, Coast Construction, and Mr. Ryals. [13, 16]. Cat Financial moved for default judgment against all Defendants other than Ms. Cole [17, 18, 19], but this Court denied those motions without prejudice "because Plaintiff seeks to impose liability against all Defendants based on the same injury and similar conduct", and Ms. Cole could not be defaulted because she had answered. [20].

---

[1] The total $5,000 monthly payment was for the use of other equipment as well, not just the use of the Track Loader.

[2] In the e-mail notifying the Court that Ms. Cole does not oppose the Motion, her counsel stated that she does not have possession of the Track Loader.  Nevertheless, this Order applies equally to all Defendants.

II. DISCUSSION

A.    Legal Standard

Temporary restraining orders and preliminary injunctions are governed by Federal Rule of Civil Procedure 65. *Sanders v. Itawamba Cty.*, 2018 WL 1770487, at *1 (N.D. Miss. Apr. 12, 2018). In order to obtain either remedy, Cat Financial must have established four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) the injunction will not disserve the public interest. *Id.* at *2. The Court finds that Cat Financial has satisfied these requirements.

B.    Likelihood of Success on the Merits

Cat Financial brings separate claims against the various Defendants.

Its claims against Hi-Lo, Ms. Cole, and Coast Construction are primarily for breach of contract. To succeed on these claims, Cat Financial "must prove only . . . that there was (1) an existing and binding contract and (2) that the defendant breached the contract." *Garth v. Curlee*, 2018 WL 4571870, at *9 (N.D. Miss. Sept. 24, 2018). It is undisputed that Hi-Lo, Cole, and Coast Construction each have contracts with (or for the benefit of) Cat Financial, which they have breached by failing to either remit payment to, or to return the Track Loader to, Cat Financial.[3] Accordingly, it is likely that Cat Financial will succeed on the merits against these Defendants.

Cat Financial's claims against Ryals are based on quantum meruit, conversion, and replevin. The Court determines that any of these theories provide an independent basis for finding likelihood of success on the merits. "The doctrine of quantum meruit applies to situations where

---

[3] Cat Financial is a third-party beneficiary of the Lease. *See Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1136 (Miss. 2004) ("[U]nder Mississippi law, a third party may maintain an action as a third-party beneficiary to enforce a promise made for their benefit.") (citation omitted).

3

there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another . . . ." *In re Estate of Fitzner*, 881 So. 2d 164, 174 (Miss. 2003) (internal quotes and marks omitted). Second, a claim of "[c]onversion requires an intent to exercise dominion or control over goods which is inconsistent with the true owner's right." *Terrell v. Tschirn*, 656 So. 2d 1150, 1153 (Miss. 1995) (citation omitted). Both legal theories are fully applicable and satisfied here. Ryals has the Track Loader, is using it for his own benefit, and has not made timely payments. Further, as the signatory for Coast Construction on the Lease and through communications with Cat Financial, Ryals is aware of Cat Financial's entitlement to the Track Loader's immediate return.

Moreover, Cat Financial has complied with Mississippi's replevin statute through the verified Complaint, which described the Track Loader, stated its value, and set forth that Cat Financial is entitled to its immediate repossession from Ryals. [1]; *see also* Miss. Code Ann. § 11-37-101. Cat Financial has met each statutory condition, and it is undisputed that Ryals is wrongfully possessing and exercising dominion and control over the Track Loader.

C.    Irreparable injury

In order to establish irreparable injury, Cat Financial argues that (1) equipment like the Track Loader depreciates each day, particularly with use, (2) Defendants have not made a payment for more than one year, and their ability to satisfy a monetary judgment is doubtful given Hi-Lo's Chapter 7 bankruptcy and Coast Construction's dissolution, and (3) Defendants have not provided proof of insurance. Under similar circumstances, at least one court has found irreparable injury. *Commercial Credit Group, Inc. v. Ray County Equipment Leasing*, LLC, 2011 WL 13233860 (W.D. Mo. 2011) (equipment leasing company proved irreparable injury necessary for TRO, where lessor had not paid amounts owed, was still in possession of equipment, and had no

insurance on the equipment). This Court finds the reasoning therein persuasive. Further, as Cat Financial correctly argues, the Track Loader should aid in reducing any money judgment, and a party may show "irreparable injury when it is shown that a money judgment will go unsatisfied absent equitable relief." *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 786 (S.D. Miss. 2011); *see also Specialty Healthcare Mgmt., Inc. v. St. Mary Par. Hosp.*, 220 F.3d 650, 658 (5th Cir. 2000) (acknowledging that an injury can be irreparable if there is an inability to collect on a money judgment and the mere fact that damages may be calculable does not necessarily show that they were not irreparable).

D.  Harm to Defendants

Defendants have not articulated any harm they will suffer from returning the Track Loader to Cat Financial; to the contrary, Ms. Cole (the only defendant to appear) has agreed it should be returned. Moreover, in the unlikely event other defendants appear in this year-old action and mount a defense, any improper harm could be remedied later (by, for example, return of the Track Loader or a similar item to the Defendants). *See Ins. Assocs. of Lamar Cty., LLC v. Bolling*, 2014 WL 5437358, at *4 (S.D. Miss. Oct. 24, 2014) (injunction appropriate because defendant's continued use of plaintiff's property was likely to harm plaintiff but defendant's inability to use plaintiff's property would be temporary if defendant prevailed on merits).

E.  The public interest

Finally, granting the requested relief will serve the public interest. The record evidence is that Defendants are in breach of contract and other property rights, both of which are well-established under Mississippi and federal law. *See Jones v. Mississippi Farms Co.*, 116 Miss. 295, 76 So. 880, 883 (1917) ("It is fundamental that the right to make contracts pertaining to business is one of the rights guaranteed by the law of the land, and especially the fourteenth amendment to

the Constitution of the United States."); *see also* U.S. Const. amend. XIV, § 1; *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552, 92 S. Ct. 1113, 1122, 31 L. Ed. 2d 424 (1972) ("The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth, a 'personal' right . . . . That rights in property are basic civil rights has long been recognized.") (citations omitted); *Commercial Credit Group*, 2011 WL 13233860 (sanctity of contracts called for entry of TRO related to equipment).

F.    Legal Fees

Cat Financial also requests its legal fees, which are provided for, at a minimum, in the contracts with Hi-Lo and Cole. Under the circumstances here, the Court finds that a fee award is justified, and orders Cat Financial to submit a declaration of counsel within ten days of this Order.

### III. CONCLUSION

Based on the record before this Court, the Court hereby ORDERS that (1) no later than ten calendar days from the date of this Order, Defendants shall return the Track Loader to Cat Financial by providing the Track Loader to Puckett Machinery's Gulfport location, located at 14028 US 49, Gulfport, MS 39503; and (2) Defendants are enjoined and restrained from using, gifting, transferring, selling, altering, damaging, moving, disposing of the Track Loader, other than returning it to Puckett's Gulfport location.

It is SO ORDERED AND ADJUDGED, on this the 28th day of April, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

Submitted By:
*s/D. Sterling Kidd*
Attorney for the Plaintiff